# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

EDWIN AGUILAR IBARRA, et al.,

    Plaintiff,

v.

GEO GROUP, INC.; GEORGE ZOLEY; D. RAY JAMES CORRECTIONAL FACILITY; and WARDEN TRACY JOHNS,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-55

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, inmates at D. Ray James Correctional Facility in Folkston, Georgia, have brought this suit for unpaid wages and "force[d] slave labor," as well as alleged constitutional violations under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1]. (Doc. 1.) For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DENIES** Plaintiffs' Motions to Amend the Complaint, (docs. 3–5, 9). Additionally, I **RECOMMEND** that the Court **DISMISS** Plaintiffs' Complaint **WITHOUT PREJUDICE**, **DISMISS AS MOOT** Plaintiff Scotton's Motion for Restraining Order, (doc. 4), and **DENY** Plaintiffs leave to appeal *in forma pauperis*.

---

[1] Plaintiffs incorrectly characterize these claims as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

**BACKGROUND**

Plaintiffs attempt to bring this suit on behalf of themselves, as well as on behalf of all persons similarly situated. (Id. at p. 7.) They allege that Defendant GEO Group violated Georgia state minimum wage laws by paying Plaintiffs just $0.50 per day for cleaning and maintaining the prison. (Id. at p. 4.) Plaintiffs also allege that requiring inmates to clean and maintain the facility "violated federal laws by force illegally immigrants [sic] to a slave labor." (Id. at pp. 4–5.) Finally, Plaintiffs allege that Defendants violated their Eighth Amendment rights by threatening and punishing them with solitary confinement. (Id. at pp. 25–27.)

Plaintiffs collectively filed a Motion for Leave to Proceed *in Forma Pauperis*, Motions to Amend/Correct Complaint, and a Motion for Restraining Order. Plaintiffs seek injunctive relief, compensatory damages, and punitive damages.

**STANDARD OF REVIEW**

Plaintiffs seek to bring this action *in forma pauperis* and pursuant to Bivens and Section 1331. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiffs' unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims of Multiple Plaintiffs in One Action

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions."  Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Court of Appeals noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation."  Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed *in forma pauperis* together.  The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'"  Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).  Specifically, the Eleventh Circuit affirmed the following procedure:

> The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee.  To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints.  The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP.  The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP.  The court then dismissed the original multi-plaintiff complaint without prejudice.

Id. Ultimately, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee[.]" Id.

As in Hubbard, Plaintiffs have jointly filed a Complaint and Motion to Proceed *in Forma Pauperis*. Allowing Plaintiffs to proceed together and bring their complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197–98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (May 25, 1995) (statement of Sen. Kyle)). Furthermore, allowing the Plaintiffs to proceed jointly would directly contradict the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In sum, any attempt by Plaintiffs to proceed in this action together violates the requirements of the PLRA. See Bowens v. Turner Guilford Knight Det., 510 F. App'x 863 (11th Cir. 2013) (affirming dismissal of complaint under Hubbard, in which six inmates joined claims in a single suit); Garcia v. McNeil, No. 4:07CV474-SPM/WCS, 2010 WL 4823370, at *2 (N.D. Fla. Aug. 12, 2010) *report and recommendation adopted*, No. 4:07-CV-474-SPM WCS, 2010 WL 4818067 (N.D. Fla. Nov. 22, 2010) ("Hubbard decided that since every prisoner must pay a full filing fee, and since other litigants who join together in one complaint pay only one filing fee, prisoners cannot join under Rule 20. That means that the prisoners here, who have a lawyer and who do not pursue frivolous claims, cannot join under Rule 20 in light of Hubbard—even if each of them pays [the filing fee]. This court is bound by Hubbard.").

Eleventh Circuit law clearly prohibits multiple prisoner plaintiffs from proceeding *in forma pauperis* in the same civil action. Consequently, the Court **DENIES** Plaintiffs' Motion to

5

Proceed *in Forma Pauperis*. (Doc. 2.) Additionally, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** and require each Plaintiff to file his own individual complaint with each paying the Court's filing fee or moving to proceed *in forma pauperis* individually.

## II. Class Action Claims

Furthermore, proceeding as *pro se* litigants, Plaintiffs will not able to represent their fellow inmates in a class action, given that "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit has aptly observed,

> An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action). The reasoning behind this rule is two-fold: it protects the rights of those before the court, see id. ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Simply put, incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners. See Fymbo v. State Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002) (holding that a *pro se* litigant "cannot adequately represent [a] putative class"); Walker v. Brown, No. CV 112-105, 2012 WL 4049438,

at *1-2 (S.D. Ga. Aug. 14, 2012) *report and recommendation adopted*, No. CV 112-105, 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012).

For this reason, the Court **DENIES** Plaintiffs' Motions to Amend, (docs. 3–5, 9), as amendment to add the requested parties would be futile. This class restriction also provides another independent basis for the Court to dismiss this action.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiffs leave to appeal *in forma pauperis*.[2] Though Plaintiffs have, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2] A certificate of appealablity is not required in this non-habeas action.

Based on the above analysis of Plaintiffs' action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, the Court **DENIES** Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DENIES** Plaintiffs' Motions to Amend Complaint, (docs. 3–5, 9). Additionally, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE**, **DISMISS AS MOOT** Plaintiffs' Motion for Restraining Order, (doc. 4), and **DENY** Plaintiffs leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 3rd day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA